UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:14-cv-60602-XXXX

AHMAD ARFAANIA and
INFINITE ALPHA, INC.

    Plaintiffs,

vs.

GUARDIAN REGISTRAR &
TRANSFER, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiffs, AHMAD ARFAANIA ("MR. ARFAANIA") and INFINITE ALPHA, INC. ("INFINITE")(collectively "Plaintiffs"), sue Defendant, GUARDIAN REGISTRAR & TRANSFER, INC. ("Defendant"), and for a Complaint say as follows:

### PARTIES, VENUE AND JURISDICTION

1.    This is an action for injunctive relief and money damages exceeding $75,000.00 exclusive of prejudgment interest, court costs and attorneys' fees.

2.    Plaintiff, MR. ARFAANIA, is an individual, sui juris, who resides in

Los Angeles County, California, and who has resided there at all times material hereto.

3. Plaintiff, INFINITE, is an Illinois corporation which has its principal and only place of business in Chicago, Illinois, where it maintained its office at all times material hereto.

4. Defendant, GUARDIAN REGISTRAR & TRANSFER, INC., is a Florida corporation with its principal place of business in Broward County, Florida.

5. This is an action for equitable relief involving publically traded securities, the value of which exceeds $75,000.00, and for money damages exceeding $75,000.00.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C.A. §1332 as there is complete diversity of citizenship as between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.00.

7. The property in litigation, to wit, the certificated shares of stock, and the book entry shares of stock, are physically located in Broward County, Florida.

8. Venue for this action properly lies in the Southern District of Florida pursuant to 28 U.S.C.A. 1391(a) because:   this is a civil action founded on diversity of citizenship; and a) the sole defendant resides in this District; b) the substantial events and omissions giving rise to this action occurred in this District; and c) the

property in litigation is located in this District.

## GENERAL ALLEGATIONS

9.  MR. ARFAANIA owns and holds common stock in a company known as TNI BioTech, Inc. ("TNI").

10. INFINITE owns and holds common stock in TNI.

11. Defendant, is the stock transfer agent for TNI, and has been TNI's stock transfer agent at all times material hereto.

12. MR. ARFAANIA owns 866,666 shares of TNI stock. 611,166 shares are represented by certificate number TBT 542, dated February 26, 2013 ("Certificate 542"). An additional 200,000 shares of TNI are represented by stock certificate number TBT 569 ("Certificate 569"), dated March 11, 2013. Finally, 55,500 shares of TNI are in book entry form (the "Arfaania Book Entry Shares"). The Arfaania Book Entry Shares are held by Defendant. Collectively, all of the shares owned by MR. ARFAANIA shall be referred to as "Arfaania's TNI Stock."

13. INFINITE owns 366,667 shares of TNI stock. The stock was issued in certificated form, in certificate bearing certificate number CS1375. This shall be referred to as the "Infinite TNI Stock."

14. MR. ARFAANIA's certificated shares, Certificate 542 and 569, and

INFINITE's certificated shares were stamped with the following legend:

> 144 RESTRICTED SHARES
>
> The shares represented by this certificate have not been registered under the Securities Act of 1933 (the "Act"), and are Restricted Securities as that term is defined in Rule 144 under the Act, and requires written release from either issuing company or their attorney prior to legend removal.
>
> (the "Restrictive Legend").

15. MR. ARFAANIA and INFINITE, through their securities attorney Darren Ofsink, contacted Defendant to confirm what was necessary to have the Restrictive Legend lifted, and to determine what was necessary to have unrestricted shares issued to Plaintiffs.

16. Based upon the communications between Plaintiffs' attorney and Defendant's agent, Mr. Elson Soto, Jr., MR. ARFAANIA caused the following items to be delivered to Defendant, on or about <u>January 31, 2014</u>, which Defendant acknowledged receipt of via an email dated <u>February 3, 2014</u>:

    a. an attorney's opinion letter, indicating that the Restrictive Legend could be lifted;

    b.    a letter from MR. ARFAANIA with the necessary representations for lifting the restrictions and issuing unrestricted shares, as required by Rule 144, and requesting that the certificates be issued to him without the restriction, and further requesting that the restrictions on the book entry shares be lifted; and

    c.    the original Certificates 542 and 569.

17.    Based upon its communications with Defendant, INFINITE delivered to Defendant, no later than <u>February 4, 2014</u>, the following:

    a.    an attorney's opinion letter, indicating that the restrictive legend could be lifted;

    b.    a letter containing necessary representations for lifting the restrictions as required by Rule 144, and requesting that the certificates be issued without the restriction; and

    c.    all information requested by Defendant, for the benefit of Traveler's Insurance Company, the bonding agent selected by Defendant to provide a lost certificate bond for the lost INFINITE certificate, necessary for the issuance of a bond relating to certificate CS1375, which was inadvertently lost by INFINITE. INFINITE started providing this information in or about December, 2013, in

response to requests by Defendant, who purported to be forwarding on requests from Traveler's Insurance Company. This information included but was not limited to: (1) INFINITE's financial statements; (2) financial statements of Barbara Laken; (3) tax returns for Barbara Laken; (4) tax returns for INFINITE; (5) the consulting agreement by which INFINITE earned its shares; (6) a notarized application to Traveler's Insurance Company for the bond; and (7) an affidavit detailing how the stock certificate was lost. INFINITE has also, through counsel, tendered to Defendant a copy of its bank check made payable to Defendant for $11,000, to pay for the bond. Defendant represented to INFINITE that the bank check needed to be made payable to Defendant in order to secure the bond. INFINITE therefore obtained a bank check in the necessary amount and stands ready, willing, and able to provide the original bank check to Defendant when Defendant agrees to issue to INFINITE its unrestricted shares.

18. Despite INFINITE having fulfilled every requirement for the issuance of unrestricted shares under Chapter 678, *Florida Statutes*, Defendant has failed and refused to issue the unrestricted shares to MR. ARFAANIA, and further has improperly kept and retained MR. ARFAANIA's stock and certificates, and has

converted the same.

19. Despite MR. ARFAANIA having fulfilled every requirement for the issuance of unrestricted shares under Chapter 678, *Florida Statutes*, Defendant has failed and refused to issue the unrestricted shares to INFINITE.

## COUNT I - MANDATORY INJUNCTION

20. Plaintiffs adopt and re-allege paragraph 1-19 as if more fully set forth herein.

21. This is an action for a mandatory injunction to compel Defendant to issue the unrestricted shares of TNI to MR. ARFAANIA and to INFINITE pursuant to §678.4011, *Florida Statutes*.

22. Defendant, as the stock transfer agent for TNI, has all of the obligations that TNI would have under Chapter 678, Part IV, *Florida Statues,* which is Florida's adoption of Article 8 of the Uniform Commercial Code. §678.4071, *Florida Statutes*.

23. Defendant has a duty to register transfers of TNI securities as the stock transfer agent. This includes, but, is not limited to, lifting the restrictive endorsement on certificated shares, and lifting the restrictions on book entry shares upon appropriate direction from shareholders.

24. MR. ARFAANIA presented the Arfaania Certificated Shares to

Defendant with a request to register transfer and gave an instruction to Defendant with a request to register transfer of the uncertificated shares in accordance with Chapter 678, *Florida Statutes*, as more fully set forth herein.  At the time he did, under the terms of the security, MR. ARFAANIA was eligible to have the security so registered; he was the appropriate person to make the request; he gave reasonable assurances that the endorsement or instructions were genuine and authorized by delivering the original certificates with a medallion signature guaranty; there were no laws applicable to the collection of taxes that needed to be complied with; the transfer did not violate any valid restriction imposed; there was no effective demand that the issuer or transfer agent inhibit the transaction; and the transfer was (and is) in fact rightful.  *See* §678.4011, *Florida Statutes*.

25.    INFINITE, commencing in or about December, 2013, began working with Defendant to have its lost certificate issued in unrestricted form.  On or about February 4, 2014, INFINITE gave an instruction to Defendant with a request to register transfer of its lost certificate under Chapter 678, *Florida Statutes*, as more fully set forth herein.  At the time it did, under the terms of the security, INFINITE was eligible to have the security so registered; it was the appropriate person to make the request; it gave reasonable assurances that the indorsement or instructions were genuine and authorized by providing all paperwork requested by Defendant to

obtain an indemnity bond from Traveler's Insurance Company; there were no laws applicable to the collection of taxes that needed to be complied with; the transfer did not violate any valid restriction imposed; there was no effective demand that the issuer or transfer agent inhibit the transaction; and the transfer was (and is) in fact rightful. *See* §678.4011, *Florida Statutes*.

26. On or about February 13, 2014, TNI sent a letter to Defendant objecting to the transfer requested by Plaintiffs herein, and stating that TNI would "within 10 days" obtain a court injunction enjoining the requested transfer. Defendant had previously advised Plaintiffs' counsel, on February 7, 2014, that it had, as of that date, given Plaintiffs 10 days to obtain such an injunction. No injunction was obtained within 10 days of either February 7 or February 13, and, in fact, no injunction has been obtained by TNI as of this date. Despite repeated requests by Plaintiffs to issue them their unrestricted shares pursuant to §678.4031(4), *Florida Statutes*, Defendant has refused to do so and has, in fact, ceased responding to any communications from Plaintiffs.

27. Plaintiffs are entitled to have their shares issued forthwith, and given Defendant's complete and utter failure to comply with Chapter 678, *Florida Statutes*, Plaintiffs are entitled to a mandatory injunction compelling issuance of the shares.

WHEREFORE, Plaintiffs respectfully request that the Court enter a mandatory injunction requiring Defendant to issue the stock to Plaintiffs as indicated herein, for costs of this action, and for such further relief as is necessary, just and proper.

### COUNT II - MONEY DAMAGES PURSUANT TO §678.4011(2), *FLORIDA STATUTES*

28.  This is an action for money damages by Plaintiffs against Defendant pursuant to §678.4011(2), *Florida Statutes*.

29.  The allegations contained in Paragraphs 1-19 and 22-27 are adopted and incorporated herein by reference as if more fully set forth.

30.  Defendant has violated §678.4011, *Florida Statutes* as more fully set forth above.

31.  Defendant has unreasonably delayed in registering the shares to Plaintiffs, and has failed or refused to register the transfer as required by applicable law.

32.  Plaintiffs have suffered a loss as a direct and proximate result of Defendant's delay in registering the shares and Defendant's failure or refusal to register the shares in violation of §678.4011, *Florida Statutes*. As of this date, the amount of Plaintiffs' loss is no less than $145,000, an amount which fluctuates with

TNI's market price per share on a daily basis.  Plaintiffs' total losses continue to accrue, and will be proven at trial.

33. Defendant is liable to Plaintiffs for the losses that Plaintiffs have suffered as a result of Defendant's breaches of its duties to Plaintiffs.

WHEREFORE, Plaintiffs respectfully demand that the Court enter a judgment in their favor and against Defendant for the losses that Plaintiffs suffered as a result of Defendant's actions, plus prejudgment interest thereon, costs of this action and for such further relief as is necessary, just and proper.

Dated: March 7, 2014.

Respectfully submitted,

/s/ Michael J. McCluskey
MICHAEL J. MCCLUSKEY, ESQ.
Florida Bar No. 004286
Email: mmccluskey@foxwackeen.com
Fox, Wackeen, Dungey, Beard, Bush, Goldman, Kilbride, Waters & McCluskey, LLP
3473 SE Willoughby Blvd.
Stuart, FL 34994
Phone: (772) 287-4444
Fax:    (772) 220-1489
*Attorneys for Plaintiffs, Ahmad Arfaania and Infinite Alpha, Inc.*